No. 25-2603

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

In re PRESIDENT DONALD J. TRUMP, Petitioner.

---

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS
to the United States District Court for the Southern District of Iowa
Case No. 4:24-cv-00449
Honorable Rebecca Goodgame Ebinger, District Judge

---

**Nicholas A. Klinefeldt**
**David Yoshimura**
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
(515) 248-9000
nick.klinefeldt@faegredrinker.com
david.yoshimura@faegredrinker.com

*Attorneys for Respondents Des Moines Register &*
*Tribune Company and Gannett Co., Inc.*

**Robert Corn-Revere**
**Conor T. Fitzpatrick**
**Greg H. Greubel**
**Adam Steinbaugh**
FOUNDATION FOR INDIVIDUAL RIGHTS AND
EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340

Washington, DC 20003
(215) 717-3473
bob.corn-revere@thefire.org
conor.fitzpatrick@thefire.org
greg.greubel@thefire.org
adam@thefire.org

**Matthew A. McGuire**
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Respondents J. Ann Selzer and Selzer & Company*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 2

LEGAL STANDARD ................................................................................................ 6

ARGUMENT ............................................................................................................. 7

  I.   The Petition for Writ of Mandamus Unreasonably Multiplies the Proceedings .. 7

  II.  Petitioner Has Not Shown and Cannot Show That the Criteria for Mandamus
     Are Satisfied. ................................................................................................... 9

    A.  Petitioner has adequate alternative means to challenge the district court's
        decision. ................................................................................................ 10

    B.  Petitioner's entitlement to relief is not "clear and indisputable" because the
        district court's decision was a sound and well-reasoned exercise of its
        discretion. ............................................................................................. 13

    C.  There are no exceptional circumstances warranting mandamus here. .............. 19

CONCLUSION ....................................................................................................... 21

CERTIFICATE OF COMPLIANCE ........................................................................ 23

CERTIFICATE OF SERVICE ................................................................................. 24

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*In re Alleghany Corp.,*
   634 F.2d 1148 (8th Cir. 1980) ................................................................. 14

*Allied Chem. Corp. v. Daiflon, Inc.,*
   449 U.S. 33 (1980) (per curiam) ............................................................ 14

*Am. Airlines v. Forman,*
   204 F.2d 230 (3d Cir. 1953) .................................................................. 19

*In re Apple,*
   602 F.3d at 911 ................................................................... 12, 14, 20

*Auer v. Trans Union, LLC,*
   834 F.3d 933 (8th Cir. 2016) ......................................................... 6, 8, 10

*Beacon Theaters, Inc. v. Westover,*
   359 U.S. 500 (1959) ............................................................................. 11

*Calderon v. Thompson,*
   523 U.S. 538 (1998) ............................................................................... 8

*Cheney v. U.S. Dist. Court for D.C.,*
   542 U.S. 367 (2004) ................................................................ 6, 8, 9, 10

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,*
   254 F.3d 882 (9th Cir. 2001) ................................................................ 18

*Clinton v. Jones,*
   520 U.S. 681 (1997) ............................................................................. 13

*Dietz v. Bouldin,*
   579 U.S. 40 (2016) ............................................................................... 15

*Evans Elec. Constr. Co. v. McManus,*
   338 F.2d 952 (8th Cir. 1964) (per curiam) ............................................ 11

*In re Ford Motor Co.,*
   751 F.2d 274 (8th Cir. 1984) ............................................................ 6, 19

*In re Grand Jury Process, Doe,*
   814 F.3d 906 (8th Cir. 2015) .............................................................. 6, 9, 19

*Hvass v. Graven,*
   257 F.2d 1 (8th Cir. 1958) ....................................................................... 19

*Hydraulic Press Mfg. Co. v. Moore,*
   185 F.2d 800 (8th Cir. 1950) ............................................................ 11, 14

*Kay Ferer, Inc. v. Hulen,*
   160 F.2d 146 (8th Cir. 1947) .................................................................. 10

*In re Oximetrix, Inc.,*
   748 F.2d 637 (Fed. Cir. 1984) .................................................................. 9

*Pfizer, Inc. v. Lord,*
   522 F.2d 612 (8th Cir. 1975) .................................................... 14, 18, 19

*In re Rutledge,*
   956 F.3d 1018 (8th Cir. 2020) ........................................................ 14, 20

*Sound Inv. & Realty Co. v. Harper,*
   178 F.2d 274 (8th Cir. 1949) .................................................................. 11

*Sperry Rand Corp. v. Larson,*
   554 F.2d 868 (8th Cir. 1977) .................................................................. 14

*State ex rel. Nixon v. Coeur D'Alene Tribe,*
   164 F.3d 1102 (8th Cir. 1999) ...................................................... 15, 16, 18

*Thompson v. Nixon,*
   272 F.3d 1098 (8th Cir. 2001) ................................................................... 8

*Tidewater Oil Co. v. United States,*
   409 U.S. 151 (1972) ................................................................................. 16

*UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.,*
   261 F. App'x 105 (10th Cir. 2008) ............................................................ 9

*In re Union Elec. Co.,*
   787 F.3d 903 (8th Cir. 2015) ............................................................ 14, 19

*In re Vincent,*
   105 F.3d 943 (4th Cir. 1997) (per curiam) ............................................... 9

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...................................................................... 12

*In re Westcott*,
    135 F.4th 243 (5th Cir. 2025) ............................................................. 12, 14

*Will v. United States*,
    389 U.S. 90 (1967) ....................................................................................... 14

**Statutes, Rules & Regulations**

28 U.S.C. § 1292(b) ................................................................................. 3, 16, 18

Fed. R. App. P. 1 ............................................................................................. 17

Fed. R. App. P. 21 .......................................................................................... 1, 2

Fed. R. App. P. 32 ............................................................................................. 1

Fed. R. App. P. 42 ..................................................................................... 4, 5, 17

Fed. R. Civ. P. 12 .............................................................................................. 3

Fed. R. Civ. P. 41 ............................................................................................ 10

**INTRODUCTION**

This is the second successive attempt by Petitioner President Donald J. Trump ("Petitioner") to obtain undue and extraordinary relief from this Court. Petitioner's first attempt—a motion to recall this Court's mandate and modify its denial of his petition for permission to appeal in *Trump v. Selzer*, No. 25-8003—was summarily denied by the Court last month. In this second attempt, Petitioner re-raises the same arguments previously rejected by this Court but relabels them as the present Petition for Writ of Mandamus ("Pet."). However, issuance of the requested writ would cause an improper end-run around the rulings of the district court, the rulings of this Court, and the Federal Rules of Civil and Appellate Procedure; and it would prevent the district court from exercising its rightful authority to rule upon currently pending and ripe motions to dismiss. Petitioner has already received the benefit of this Court's comprehensive review of the issues; he merely refuses to accept the Court's conclusion.

Moreover, this Petition fails on its own merits. Petitioner has not and cannot demonstrate that the extraordinary remedy of mandamus is warranted in this case. *First*, such relief is only appropriate where no other adequate remedy exists. Here, multiple options are available for Petitioner to pursue the relief he seeks in the ordinary course of litigation. *Second*, Petitioner must establish that his entitlement to mandamus relief is clear and indisputable. It is not. The district court's challenged order was within its discretion and does not rise to the level of a clear legal error. *Third*, extraordinary

circumstances justifying mandamus are absent here. There is no clear, egregious error to correct, nor any "irreparable harm" that would result if the Petition is not granted.

Petitioner could have sought relief from the district court; instead, he has baselessly declared the district court to be "a hostile forum." (Pet. at 13.) Nothing in the record or otherwise supports such aspersions on the district court. Rather, Petitioner mistakes the district court's rulings against him in standard motions practice for hostility.

This Petition is meritless, duplicative, and an avenue for Petitioner to usurp the district court's authority to hear the case that is properly before it. The Court should deny this Petition for Writ of Mandamus.

## BACKGROUND

This case has been pending in the district court for over eight months. On December 16, 2024, Petitioner filed the underlying lawsuit in Iowa state court against Des Moines Register and Tribune Company and Gannett Co., Inc. (collectively, "Press Defendants") as well as J. Ann Selzer and Selzer & Company (collectively, "Selzer Defendants"). (R. Doc. 1-1 at 1.)[1] The following day, Gannett removed the case to

---

[1] Citations throughout this Response to "R. Doc." refer to the corresponding docket entry numbers in the underlying district court case, *Trump v. Selzer*, No. 4:24-cv-00449 (S.D. Iowa). Additionally, Federal Rule of Appellate Procedure 21(c) provides that "[t]he petition [for writ of mandamus] must include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition." Petitioner failed to do so. Respondents have therefore appended hereto copies of relevant district court orders for the Court's convenience.

federal court. (R. Doc. 1 at 1–5.) At that time, the parties were completely diverse, the amount in controversy was over $75,000, and no defendant had been served. (*Id.*)

Roughly six weeks later, Petitioner filed an amended complaint that purported to add two Iowa citizens as plaintiffs—U.S. Representative Mariannette Miller-Meeks and former Iowa State Senator Bradley Zaun—to elude the district court's diversity jurisdiction without first obtaining leave to do so. (R. Doc. 23 at 1.) Press Defendants and Selzer Defendants timely filed respective motions dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6). (R. Docs. 24, 28.) Petitioner, on the other hand, moved to remand the case to state court, arguing that Gannett's use of "snap removal" was improper and that complete diversity of citizenship no longer existed between the parties. (R. Doc. 30 at 1–2; R. Doc. 32 at 5, 8.) The district court rejected Petitioner's arguments, denied the motion for remand, and vacated the jurisdiction-destroying amended complaint as a nullity. (R. Doc. 65 at 11.) The district court *sua sponte* certified its order for immediate appeal under 28 U.S.C. § 1292(b). (*Id.*) And it ordered Petitioner to file a revised complaint omitting Zaun and Rep. Miller-Meeks as plaintiffs by May 30, 2025. (*Id.*)

However, when the May 30 deadline arrived, Petitioner instead filed only a motion to stay, seeking a complete stay of all deadlines pending resolution of his not-yet-filed petition for permission to appeal in this Court. (R. Doc. 66 at 2–3 ¶ 8.) On June 2, 2025, Petitioner filed his petition for permission to appeal. (*See Trump v. Selzer*, No. 25-8003, Pet. for Permission to Appeal.) A few days later, on June 6, 2025, the district court denied Petitioner's motion to stay, finding that he "ha[d] not, as yet, shown

a strong likelihood of success or the presence of irreparable harm," but granting him six additional weeks to file the revised amended complaint. (R. Doc. 70 at 2.)

Then, on June 30, 2025, Petitioner attempted an abrupt change of course through a series of erroneous procedural maneuvers. He filed a notice of voluntary dismissal in the district court (R. Doc. 71 at 1); he filed a notice of withdrawal of his petition in this Court (*Trump*, No. 25-8003, Dismissal of Pet.); and he filed a new, identical lawsuit in Iowa state court. As these filings were contrary to the applicable court rules and law, Press Defendants immediately moved to strike both the notice of voluntary dismissal and the Eighth Circuit notice of withdrawal. (*See* R. Doc. 72; *see also Trump*, No. 25-8003, Mot. to Strike.)

The district court granted Press Defendants' motion to strike on July 2, 2025, and struck Petitioner's notice of voluntary dismissal. (R. Doc. 78 at 3.) Specifically, the district court ruled: "Because Trump's appeal confers jurisdiction to the Eighth Circuit over aspects of this case, Trump must first dismiss the appeal before voluntarily dismissing the district court case." (*Id.* at 2.) While noting that the parties disagreed over whether an appeal had been "docketed," the district court ruled that "[*r*]*egardless* of whether the appeal has been docketed, Trump did not file a motion to dismiss the appeal in the district court, *see* Fed. R. App. P. 42(a), nor in the circuit court, *see id.* 42(b)." (*Id.* at 2–3 (emphasis added).) Therefore, the notice of voluntary dismissal was neither proper nor effective.

4

The next day, this Court denied Petitioner's petition for permission to appeal and entered its formal mandate. (*See Trump,* No. 25-8003, Judgment, Mandate.) Five days later, on July 8, 2025, Petitioner filed a Motion to Recall Mandate and Modify Opinion in this Court. (*Trump*, No. 25-8003, Mot. to Recall Mandate.) In that motion, Petitioner argued that the Court should recall its mandate to "clarify that jurisdiction was not in this Court merely because a petition for permission to appeal had been filed" and to clarify that Federal Rule of Appellate Procedure 42 "did not apply to dismissal of the petition for permission to appeal." (*Id.* at 7–11.)

On July 18, 2025—the second deadline for Petitioner to file his revised amended complaint—Petitioner filed a successive motion to stay proceedings in the district court over the district court's prior denial. (R. Doc. 83 at 1–3.) The district court denied this renewed motion to stay, again finding that Petitioner "[ha]d not shown a strong likelihood of success or the presence of irreparable harm"; advising that it "expect[ed] compliance with all court orders"; and admonishing that "[t]he parties must comport with all rules regulating this litigation, including the Local Rules and applicable deadlines." (R. Doc. 86 at 2–3.) The district court allowed Petitioner two additional days to finally comply with its prior order to file a revised amended complaint. (*Id.* at 3.)

The next day, on July 24, 2025, this Court denied Petitioner's motion to recall mandate. (*See Trump*, No. 25-8003, Order.) Petitioner filed his revised amended complaint on July 25, 2025. (R. Doc. 88.) Defendants filed renewed motions to dismiss a few days later. (R. Docs. 91–92.) Then, faced with the district court's imminent

consideration of those motions to dismiss, Petitioner filed the present Petition for Writ of Mandamus on August 13, 2025, which merely restates the arguments that this Court has previously rejected in Petitioner's motion to recall mandate. (*See* Pet. at 4–20.)

## LEGAL STANDARD

Mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Auer v. Trans Union, LLC*, 834 F.3d 933, 936 (8th Cir. 2016) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)). Indeed, such a remedy is only appropriate in "exceptional circumstances amounting to a judicial usurpation of power." *In re Ford Motor Co.*, 751 F.2d 274, 275 (8th Cir. 1984). Accordingly, this Court will grant a petition for writ of mandamus only when three conditions are met: (1) "the petitioner must show that he has no other adequate means to obtain relief"; (2) the petitioner must show "that his right to issuance of the writ is clear and indisputable"; and (3) this Court, in its discretion, must be satisfied "that the writ is appropriate under the circumstances." *In re Grand Jury Process, Doe*, 814 F.3d 906, 907 (8th Cir. 2015) (citing *Cheney*, 542 U.S. at 380–81). This is a high bar. Petitioner cannot satisfy it.

Petitioner cursorily states that "[a]ll three grounds for issuance of a writ of mandamus are present here." (Pet. at 19.) But he provides no analysis of any of them. To the contrary, none of the three criteria are satisfied here. Furthermore, the Petition is duplicative and improper. The Court should summarily deny the Petition.

## ARGUMENT

### I. The Petition for Writ of Mandamus Unreasonably Multiplies the Proceedings.

In the motion to recall mandate, Petitioner requested that "the Court's July 3, 2025, order be modified to clarify that . . . the filing of the petition for permission to appeal did not confer jurisdiction on this Court." (Mot. to Recall Mandate at 12.) After this Court denied Petitioner's request, Petitioner did not file a petition for panel rehearing or rehearing en banc. Instead, a week *after* his deadline to seek rehearing expired, he filed this Petition. In the Petition, he requests that this Court direct the district court to "treat the case *President Donald J. Trump v. J. Ann Selzer, et al.*, Case No. 4:24-cv-00449 as dismissed without prejudice as of June 30, 2025." (Pet. at 4.)[2] While the relief requested in the motion to recall mandate superficially uses slightly different terminology than the relief requested in the Petition, Petitioner's present request is substantively identical to what he had already asked this Court to do previously: direct the district court to give effect to his improperly filed and ineffective June 30, 2025 notice of voluntary dismissal.

---

[2] Petitioner also nominally states that "[t]he district court wrongly denied plaintiffs' motion for remand" because it "misconstrued the application of the forum-defendant rule and misapplied a rule about joining nondiverse defendants to refuse the joinder of nondiverse plaintiffs." (Pet. at 7.) The district court's denial of Plaintiffs' motion for remand was the subject of Petitioner's petition for permission to appeal, which this Court denied. (*Trump*, No. 25-8003, Judgment at 1.) However, neither the district court's order on Plaintiffs' motion for remand nor this Court's denial of Petitioner's petition for permission to appeal are at issue in this Petition.

However, in summarily denying the motion to recall mandate, this Court already determined that such extraordinary relief is not warranted. There has been no change in circumstance that would compel a different conclusion. This is underscored by two key factors: first, Petitioner does not identify anything unique about the writ of mandamus standard that would now justify the relief he requests; and second, Petitioner has not presented any new arguments or authorities to support his request.

*First*, both times Petitioner requested relief from this Court, he was required to show exceptional circumstances. As stated above, mandamus is reserved for situations that are "drastic and extraordinary." *Auer*, 834 F.3d at 936 (quoting *Cheney*, 542 U.S. at 380). Likewise, this Court has recognized that its "power to recall a mandate should be exercised only in 'extraordinary circumstances.'" *Thompson v. Nixon*, 272 F.3d 1098, 1100 (8th Cir. 2001) (quoting *Calderon v. Thompson*, 523 U.S. 538, 550 (1998)). Petitioner has not explained how the circumstances of this case are sufficiently extraordinary for this Court to issue a writ of mandamus even though they are *not* sufficiently extraordinary to warrant a recall of this Court's mandate.

*Second*, the Petition includes no separate or unique argument that this Court has not already passed upon. In fact, substantial swaths of the Petition are verbatim reproductions of the motion to recall mandate. (*Compare* Mot. to Recall Mandate at 7–11, *with* Pet. at 14–19.) Petitioner does not cite a single new or separate authority for the proposition that the district court erred in striking his improper voluntary dismissal. Nor does he raise any new arguments related to the *previously* cited authorities.

At this phase in the underlying litigation, Petitioner's duplication of his unsuccessful arguments in support of his motion to recall mandate is procedurally improper and alone justifies denial of the Petition. *See, e.g.*, *In re Vincent*, 105 F.3d 943, 944–46 (4th Cir. 1997) (per curiam) (denying frivolous mandamus petition that "made several requests which have been repeatedly rejected by [the] court"); *In re Oximetrix, Inc.*, 748 F.2d 637, 644 (Fed. Cir. 1984) (rejecting petition for writ of mandamus as "frivolous" and "based solely on a hope of delaying further the impact of the state court judgment"); *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, 261 F. App'x 105, 110 (10th Cir. 2008) (observing that the litigant "unreasonably and vexatiously multiplied the proceedings in this case by filing a frivolous appeal and by its other filings in this court," including a petition for writ of mandamus that was denied).

Because the Petition unreasonably and vexatiously multiplies these proceedings, this Court should summarily deny it.

## II.    Petitioner Has Not Shown and Cannot Show That the Criteria for Mandamus Are Satisfied.

Even if the Court were to overlook the duplicative nature of the Petition, it should still deny and dismiss it because the Petition fails to satisfy any of the criteria for mandamus. *See In re Grand Jury Process, Doe*, 814 F.3d at 907 (citing *Cheney*, 542 U.S. at 380–81).

**A.    Petitioner has adequate alternative means to challenge the district court's decision.**

*First*, Petitioner must show that there is "no other plain, adequate and complete method of redressing the [alleged] wrong or obtaining the relief to which [he] is entitled so that without the issuance of the writ there would be a failure of justice." *Kay Ferer, Inc. v. Hulen*, 160 F.2d 146, 149 (8th Cir. 1947). But if Petitioner does not agree with the district court's order on the motion to strike, the Federal Rules of Civil and Appellate Procedure set forth "plain, adequate and complete" alternate pathways to seek relief, including: (1) a motion for voluntary dismissal in the district court pursuant to Federal Rule of Civil Procedure 41(a)(2); (2) a motion to certify for interlocutory appeal the district court's order on the motion to strike; and of course (3) appeal following final judgment.[3] Petitioner does not even attempt to justify his pursuit of the most extreme and drastic option for relief over these more common and appropriate procedures.

It is well-established that a writ of mandamus should "not be used as a substitute for the regular appeals process." *Auer*, 834 F.3d at 936 (quoting *Cheney*, 542 U.S. at 380–81). "[C]ourts should not lightly exercise their discretion to overcome the finality rule by issuing extraordinary writs." Tracy Bateman et al., 2 *Fed. Proc., Laws. Edition* § 3:228 (June 2025) (internal citations omitted). Nevertheless, Petitioner seeks to circumvent the ordinary appellate process, pointing to "costs and delays of staying in federal court

---

[3] While the applicable Rules provide Petitioner with these options to pursue relief, Respondents do not concede that Petitioner is entitled to any relief and reserve all rights to resist and oppose any attempt by Petitioner to obtain such relief.

[that] cannot be remedied by a later order from this Court that the district court erred."
(Pet. at 12.) But purported costs, delays, or general inconvenience to a petitioner are
not an appropriate basis for seeking mandamus in lieu of an appeal. *See, e.g., Evans Elec.
Constr. Co. v. McManus*, 338 F.2d 952, 953 (8th Cir. 1964) (per curiam) ("[Mandamus]
cannot be sought merely to shortcut incidents of time, expense, inconvenience, new
trial, etc., which are inherent in the orderly course of litigation generally."); *Hydraulic
Press Mfg. Co. v. Moore*, 185 F.2d 800, 803 (8th Cir. 1950) ("The inconvenience to which
the petitioner may be subjected in having to undergo a trial in advance of securing a
determination by this Court of the question of jurisdiction furnishes no justification for
the issuance of the writs which the petitioner seeks."); *Sound Inv. & Realty Co. v. Harper*,
178 F.2d 274, 276–77 (8th Cir. 1949) (providing that a writ of mandamus "may not be
invoked as a substitute for appeal and it will not lie as a general rule where there is a
remedy by appeal even in cases where such an appeal may involve inconvenience, delay
or expense to the petitioner").

Petitioner's attempt to evade these principles rests only on a few citations to
inapposite case law. In *In re Brazile*, this Court granted mandamus only because the
petitioner's monumental and indisputable right to a jury trial was at stake, and "the right
to grant mandamus to require jury trial where it has been improperly denied is settled."
993 F.3d 593, 594–95 (8th Cir. 2021) (per curiam) (quoting *Beacon Theaters, Inc. v.
Westover*, 359 U.S. 500, 511 (1959)). The dismissal issue in this case does not rise to this
level. Given Petitioner's failure to follow appropriate procedures to dismiss his prior

petition for permission to appeal, his right to dismiss the underlying district court case—unlike the *Brazile* petitioner's right to a jury—was far from indisputable under the circumstances.

As for the transfer-of-venue cases that Petitioner cites, they are also readily distinguishable. In *In re Apple, Inc.*, this Court granted a petition for writ of mandamus to transfer venue because there was "no relevant connection" whatsoever between the litigation in question and the forum in which it was brought. 602 F.3d 909, 913–15 (8th Cir. 2010) (per curiam). Such a "clear abuse of discretion" is not present here. *See id.* at 916. Petitioner's reliance on *In re Volkswagen* is misplaced for the same reason. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008) (holding that the district court's denial of motion for change of venue was an "extraordinary" and "patently erroneous result" where, among other things, the denial "gloss[ed] over the fact that not a single relevant factor favor[ed] the . . . chosen venue"). Finally, Petitioner's reference to *In re Westcott*, 135 F.4th 243 (5th Cir. 2025), omits the context needed to understand the ruling. In that case, the district court "manipulate[d] the legal process in order to claim jurisdiction over an issue of great public interest"—*i.e.*, a death row inmate's motion for relief on his challenge to a state's execution methods—that "rightfully belong[ed] in another court." *Id.* at 247, 250. By contrast, the district court's well-reasoned decision here in no way even resembles a "manipulat[ion] [of] the legal process," nor did the decision implicate an issue—akin to a death sentence—of such "public importance and exceptional character" to bring it within the narrow scope of mandamus relief. *See id.*

Petitioner has not explained why he cannot pursue the relief he seeks in the district court, and he cannot show that the circumstances here call for the short-circuiting of the normal appellate process. For these reasons, the Court should reject the Petition.

**B.    Petitioner's entitlement to relief is not "clear and indisputable" because the district court's decision was a sound and well-reasoned exercise of its discretion.**

As a preliminary matter, Petitioner claims that "[a] writ of mandamus should issue" because he would otherwise "suffer irreparable harm" if he is "forced to litigate against his wishes in federal court." (Pet. at 13.) But Petitioner's "wishes" do not set the standard for when mandamus should issue. Put simply, a writ of mandamus is not available to every litigant who wishes to litigate in a different forum or jurisdiction. Petitioner's theory of the law would eradicate the very idea of removal to federal court, every instance of which represents a plaintiff being "forced to litigate against his wishes in federal court." (*Id.*) Petitioner's "wishes" give rise to no entitlement to the extraordinary relief of a writ of mandamus.[4]

Further, to justify mandamus relief, it is not enough that the district court *might* have erred. Rather, "[t]he order of which the petitioner complains" must have involved

---

[4] Petitioner has never identified how litigating in federal court harms him. To the contrary, the federal forum is proper to avoid the many thorny constitutional issues that surround state court litigation in which a sitting President is a litigant. *See Clinton v. Jones*, 520 U.S. 681, 691 n.13 (1997) (noting the potential constitutional concerns of a state court exerting "direct control" over a sitting President during the course of civil litigation).

an "abuse of judicial power." *Hydraulic Press Mfg. Co.*, 185 F.2d at 803; *see also Pfizer, Inc. v. Lord*, 522 F.2d 612, 614 (8th Cir. 1975) ("[M]andamus is not to be used when the most that can be claimed is that the district judge may have erred in ruling on a question clearly within his jurisdiction."); *Westcott*, 135 F.4th at 246 ("[I]t is not enough to show that the district court erred or abused its discretion."). In other words, the district court must have committed "a *clear* error of law or *clear* error of judgment leading to a *patently* erroneous result." *In re Rutledge*, 956 F.3d 1018, 1025 (8th Cir. 2020) (emphases added and citation omitted).

If "the facts and circumstances are rationally capable of providing reasons for what the district court has done," that is sufficient, and the district court's order should not be disturbed. *In re Union Elec. Co.*, 787 F.3d 903, 908–09 (8th Cir. 2015) (quoting *In re Apple*, 602 F.3d at 911); *see also In re Alleghany Corp.*, 634 F.2d 1148, 1149 (8th Cir. 1980) ("[M]andamus should not issue unless it is shown that the trial judge clearly acted beyond his power given any reasonable interpretation of [the rule the judge applied].").

Moreover, mandamus is particularly inappropriate where the order in question is committed to the district court's discretion and the court acts within "the sphere of its discretionary power." *Sperry Rand Corp. v. Larson*, 554 F.2d 868, 872 (8th Cir. 1977) (quoting *Will v. United States*, 389 U.S. 90, 104 (1967)); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam) ("Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is clear and indisputable." (internal quotation omitted)).

Here, the district court's decision to strike Petitioner's voluntary dismissal was proper and correct; but more importantly for purposes of the Petition, it was unquestionably a reasoned exercise of the district court's discretion. District courts have the inherent authority to manage their dockets, which includes the authority to strike improper filings. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[T]his Court has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotations omitted)). That is precisely what the district court did here, and it provided sound reasons for doing so.

*First*, the district court observed that "[b]ecause [President] Trump's appeal confer[red] jurisdiction to the Eighth Circuit over aspects of [the] case," he had to "first dismiss the appeal before voluntarily dismissing the district court case." (R. Doc. 78 at 2.) That conclusion makes sense. After all, with the filing of a petition for permission to appeal, this Court must have possessed jurisdiction over *some* aspect of the case. No one could dispute that this Court had authority to reach a determination on that petition and issue a conforming order or judgment. Regardless, this Court has squarely held that "if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until [the Court] resolve[s] the issue of [its] jurisdiction, or remand[s] for further clarification of that issue." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106–07 (8th Cir. 1999). By declining to dismiss the

case until President Trump's petition was dismissed in this Court, the district court properly and reasonably "stay[ed] its hand" as this Court directed it to do. *See id.* at 1107.

The United States Supreme Court's jurisprudence on its certiorari jurisdiction lends further support to the district court's actions. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the district court granted plaintiff's motion to remand his putative class action lawsuit, and the defendant filed a petition for permission to appeal that decision in the court of appeals. 574 U.S. 81, 86–87 (2014). Although the court of appeals denied the petition for permission to appeal, the Supreme Court granted certiorari. *Id.* In so doing, the Court ruled that "[t]he case was 'in' the Court of Appeals because of [petitioner's] leave-to-appeal[.]" *Id.* at 90. Accordingly, there was "no jurisdictional barrier" to hearing the case. *Id.*; *see also Tidewater Oil Co. v. United States*, 409 U.S. 151, 152–53 (1972) (granting certiorari after a district court certified a question for interlocutory appeal under 28 U.S.C. § 1292(b) and the court of appeals denied permission to appeal). This reasoning and conclusion are only possible if a court of appeals has jurisdiction over some aspect of the case during the pendency of the petition for permission to appeal.

*Second*, the district court found that Petitioner failed to follow the required procedures to dismiss his appeal. (R. Doc. 78 at 2–3.) That ruling has never been challenged—or even substantially acknowledged—by Petitioner. The Appellate Rules provide that "[b]efore an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the

appellant's motion with notice to all parties." Fed. R. App. P. 42(a). Similarly, the Rules provide that *docketed* appeals may be dismissed only by stipulation or by motion of the appellant "on terms agreed to by the parties or fixed by the court." *Id.* r. 42(b). Because Petitioner did not satisfy either rule, the district court properly held that "[g]iving effect to [his] notice of voluntary dismissal" would have been "procedurally improper." (R. Doc. 78 at 3.)

Petitioner's arguments to the contrary are unavailing. The Petition is preoccupied with whether an appeal was "docketed" in this Court. (*See* Pet. at 14–15.) But the Petition either overlooks or strategically ignores the plain language of Rule 42(a), which applies "[*b*]*efore* an appeal has been docketed." Fed. R. App. P. 42(a) (emphasis added). Indeed, the Petition fails to mention Rule 42(a) at all, omitting the fact that this Rule featured prominently in the district court's reasoning in the challenged order. (*See* R. Doc. 78 at 2–3.) Based on the plain language and text of Rule 42, the district court correctly recognized that Petitioner failed to follow the proper procedures to dismiss his appeal, "[*r*]*egardless* of whether the appeal [had] been docketed." *Id.* at 3 (emphasis added). The Federal Rules of Appellate Procedure must be followed in district court proceedings where applicable. *See* Fed. R. App. P. 1 advisory committee's note to 1979 amendment ("The Federal Rules of Appellate Procedure were designed as an integrated set of rules . . . covering all steps in the appellate process, whether they take place in the district court or in the court of appeals . . . .").

To escape this straightforward application of the Rules, Petitioner argues that the district court committed a "clear and indisputable" error by "misconstru[ing] when jurisdiction is conferred on this Court." (*See* Pet. at 16–19.) Not so. For one, Petitioner's argument relies on a solitary Ninth Circuit case. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001). That case is not controlling on this Court; nor is Petitioner's interpretation of it facially consistent with this Court's ruling in *Coeur D'Alene*. *See* 164 F.3d 1106–07. These circumstances undermine Petitioner's assertion that the district court *clearly erred* based on Ninth Circuit case law. For another, the present case simply is not *Baykeeper*.

*Baykeeper* involved the narrow question of "whether the district court properly rescinded its" order certifying an interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at 885. Here, whether the district court properly certified its order for interlocutory appeal or had the authority to rescind that order are not at issue. Besides, "the mere fact that a court might err even on jurisdictional questions does not necessarily amount to a usurpation of power making mandamus appropriate." *Pfizer*, 522 F.2d at 615. Rather, as this Court has held,

> [t]he challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for

mandamus . . . even though on normal appeal a reviewing court might find reversible error.

*Id.* (quoting *Am. Airlines v. Forman*, 204 F.2d 230, 232 (3d Cir. 1953)). Given Petitioner's failure to follow the proper procedures to dismiss his appeal and his failure to marshal substantial legal support for his jurisdictional argument, this Court should not disturb the district court's ruling. *See In re Grand Jury Process, Doe*, 814 F.3d at 907 (noting that it is petitioner's burden to show that entitlement to mandamus relief is "clear and indisputable"). Indeed, even if Petitioner's view were to be entertained, it would merely confirm that the issue can be genuinely disputed, *not* that his entitlement to a writ is "clear and indisputable."

Fundamentally, the district court's decision was not a "judicial usurpation of power." *In re Ford Motor Co.*, 751 F.2d at 275. It was correct, well-reasoned, and predicated upon the district court's inherent authority to strike improper filings from its docket. *See In re Union Elec. Co.*, 787 F.3d at 908 (noting that mandamus is inappropriate where "the facts and circumstances are rationally capable of providing reasons for what the district court has done" (internal quotation omitted)). Accordingly, the Court should deny the Petition.

## C. There are no exceptional circumstances warranting mandamus here.

This Court has consistently held that its discretion to grant petitions for writs of mandamus "should be sparingly exercised." *Hvass v. Graven*, 257 F.2d 1, 6 (8th Cir. 1958). Only "extraordinary circumstances" warrant such a "drastic" remedy. *In re Ford*

*Motor Co.*, 751 F.2d at 275 (internal quotation omitted). Petitioner claims that such circumstances are present here because he is "trapped . . . in a hostile forum" where the district court has purportedly committed an error that is somehow greater than those errors this Court has previously granted mandamus relief to correct. (Pet. at 13, 20.) But as discussed above, the errors this Court corrected in *In re Apple, Inc.* and *In re Brazile* are fundamentally and qualitatively different from the type of error alleged here. And in any event, Petitioner has not demonstrated that the district court in fact committed any error, much less the kind of "clear" and "patently erroneous" deviation required to justify a writ of mandamus. *In re Rutledge*, 956 F.3d at 1025 (internal quotation omitted). This case simply does not rise to the level of a "judicial usurpation of power." *Id.* (internal quotation omitted).

If anything, Petitioner's own conduct cuts against the remedy he seeks. This Court already decided—and summarily denied—Petitioner's first attempt to obtain extraordinary relief. Dissatisfied with that result, and too late to seek reconsideration of the Court's ruling, Petitioner filed this Petition, which contains verbatim recitations of the arguments previously presented to and rejected by this Court. (*See supra* at 8–9.) The fact that this Petition is the second time these precise arguments have come before this Court demonstrates that the circumstances here are anything but extraordinary. The only appropriate outcome in these circumstances is, once again, to reject Petitioner's conduct and summarily deny his Petition.

**CONCLUSION**

For the foregoing reasons, this Court should reject Petitioner's second and redundant attempt to obtain extraordinary relief and summarily deny his Petition for Writ of Mandamus.

Dated: August 29, 2025        Respectfully submitted,

/s/ *David Yoshimura*
**Nicholas A. Klinefeldt**
**David Yoshimura**
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
*nick.klinefeldt@faegredrinker.com*
*david.yoshimura@faegredrinker.com*

*Attorneys for Respondents Des Moines Register &*
*Tribune Company and Gannett Co., Inc.*

/s/ *Robert Corn-Revere*
**Robert Corn-Revere**
**Conor T. Fitzpatrick**
**Greg H. Greubel**
**Adam Steinbaugh**
FOUNDATION FOR INDIVIDUAL RIGHTS AND
EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, DC 20003
(215) 717-3473
*bob.corn-revere@thefire.org*
*conor.fitzpatrick@thefire.org*
*greg.greubel@thefire.org*
*adam@thefire.org*

**Matthew A. McGuire**
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300

Des Moines, IA 50309
(515) 283-8014
*mmcguire@nyemaster.com*

*Attorneys for Respondents J. Ann Selzer and
Selzer & Company*

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word in 14-pt Garamond type style.

This document complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because it contains 5,243 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this filing has been scanned for computer viruses and has been found to be virus free.


Dated:   August 29, 2025            */s/ David Yoshimura*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all parties in the case are represented by registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:   August 29, 2025                          */s/ Paulette Ohnemus*

# Exhibit 1
# R. Doc. 65

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD J. TRUMP, BRADLEY ZAUN, and MARIANNETTE MILLER-MEEKS, | |
|       Plaintiffs, | **No. 4:24-cv-00449-RGE-WPK** |
| v. | |
| J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC., | **ORDER RE: MOTIONS TO REMAND AND FOR ATTORNEYS' FEES** |
|       Defendants. | |

## I.    INTRODUCTION

Defendant Gannett Co., Inc. removed this case from the Iowa District Court for Polk County. Originally, Donald J. Trump was the only Plaintiff in the case. After removal, Trump filed an amended complaint which added additional counts and Plaintiffs Bradley Zaun and Mariannette Miller-Meeks. Plaintiffs sue Defendants J. Ann Selzer, Selzer & Company, Des Moines Register and Tribune Company, and Gannett.

Plaintiffs move to remand the case to state court. Plaintiffs argue Defendants improperly removed the case and the Court lacks subject-matter jurisdiction after Zaun and Miller-Meeks were joined. Plaintiffs also seek attorneys' fees incurred based on the allegedly improper removal.

In response, Defendants assert the case was properly removed to federal court. Defendants also argue Trump needed to seek leave of the Court before filing an amended complaint that adds parties destroying the Court's jurisdiction. Defendants further contend Trump fraudulently joined Zaun and Miller-Meeks and thus their participation in the lawsuit should be disregarded when determining the Court's jurisdiction.

For the reasons set forth below, the Court denies Plaintiffs' motions to remand and for attorneys' fees.

## II.    PROCEDURAL BACKGROUND

Trump initially filed suit in the Iowa District Court for Polk County on December 16, 2024, and alleged a single claim of violation of the Iowa Consumer Fraud Act. Pet., ECF No. 1-1. Prior to being served, Gannett removed the case on the basis of diversity jurisdiction. ECF No. 1 ¶¶ 14–15.

The parties jointly moved for the Court to set deadlines regarding anticipated filings. Joint Mot. Deadlines Initial Mot. Prac., ECF No. 19. The Court granted the motion. Order Grant. Joint Mot. Deadlines Initial Mot. Prac., ECF No. 20. Trump subsequently moved the Court to extend the deadlines by a week. Pl.'s Mot. Exten. Deadlines Initial Mot. Prac., ECF No. 21. The Court granted this motion as well. Order Grant. Pl.'s Mot. Exten. Deadlines Initial Mot. Prac., ECF No. 22.

On January 31, 2025, Trump filed an amended complaint, adding Zaun and Miller-Meeks as plaintiffs, as well as claims for fraudulent misrepresentation (Count Two) and negligent misrepresentation (Count Three). Am. Compl., ECF No. 23. Shortly thereafter, Plaintiffs filed a motion to remand, which is now before the Court. Pls.' Mot. Remand, ECF No. 30; *see* Pls.' Br. Supp. Mot. Remand, ECF No. 32. Defendants resist, and Plaintiffs reply to Defendants' resistance. Defs. Selzer and Selzer & Co.'s Resist. Mot. Remand, ECF No. 45; Def. Gannett's Resist. Mot. Remand, ECF No. 48; Pls.' Reply Supp. Mot. Remand, ECF No. 60.[1] Though not addressed in this order, Defendants also move to dismiss the Amended Complaint and Plaintiffs resist the

---

[1] Selzer, Selzer & Company, and the Des Moines Register join Gannett's resistance to Plaintiffs' motion to remand. ECF No. 45; ECF No. 48 at 5 n.3. For ease of reading, the Court generally refers to Gannett's arguments as Defendants' arguments.

dismissal. Defs. Selzer and Selzer & Co.'s Mot. Dismiss, ECF No. 24; Defs. Des Moines Register and Gannett's Mot. Dismiss, ECF No. 28; Pls.' Resist. Defs. Des Moines Register and Gannett's Mot. Dismiss, ECF No. 51; Pls.' Resist. Defs. Selzer and Selzer & Co.'s Mot. Dismiss, ECF No. 52.

## III.   LEGAL STANDARD

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removable cases include those falling within the Court's diversity jurisdiction. *Id.* Diversity jurisdiction requires complete diversity of parties, which exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (citation omitted); 28 U.S.C. § 1332(a). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, . . . ." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Subject-matter jurisdiction based on the parties' diversity is determined "by the facts that existed at the time of filing" of the complaint. *Wagstaff*, 40 F.4th at 839 (internal quotation marks and citation omitted). "[A]n amendment can either destroy or create jurisdiction in an original diversity case. The addition of a nondiverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025).

An individual is a citizen of the state where they are physically present and have the intent to make the state their home indefinitely. *Wagstaff*, 40 F.4th at 839 (citation omitted). For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State

and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

## IV.  DISCUSSION

Plaintiffs argue Defendants improperly removed the case due to the forum-defendant rule, and the Court must remand the case as a result. ECF No. 32 at 8–18. Plaintiffs further assert even if Defendants properly removed the case, the Court still must remand the case because complete diversity does not exist. *Id.* at 5–8. Plaintiffs also argue the Court should award them attorneys' fees incurred because of the allegedly improper removal. *Id.* at 19.

Defendants first argue removal was proper. ECF No. 48 at 8–17. Next, Defendants argue Trump was required to seek the Court's leave to add nondiverse parties. *Id.* at 17–23. Because Trump did not seek leave of the Court, Defendants argue the Amended Complaint is "a nullity," and the Court should thus deny the addition of Zaun and Miller-Meeks as plaintiffs. *Id.* If the Court considers the Amended Complaint, Defendants argue the Court should disregard the citizenship of Zaun and Miller-Meeks for purposes of diversity jurisdiction because they were fraudulently joined. *Id.* at 23–28.

The parties do not dispute the citizenship of Plaintiffs or Defendants. For purposes of diversity jurisdiction, Trump is a citizen of Florida; Zaun is a citizen of Iowa; Miller-Meeks is a citizen of Iowa; Selzer is a citizen of Iowa; Selzer & Company is a citizen of Iowa; the Des Moines Register is a citizen of Iowa and New York; and Gannett is a citizen of Delaware and New York. *See* Defs.' Rule 7.1 Disclosures, ECF Nos. 8–9, 16–17; ECF No. 23 ¶¶ 20–22; *see also* ECF No. 32 at 5.

The Court first considers Plaintiffs' arguments concerning whether removal was proper. Next, the Court turns to Defendants' arguments. The Court then turns to Plaintiffs' request for

attorneys' fees.

A.    **The Forum-Defendant Rule and Snap Removal**

When a defendant removes a case on the basis of diversity jurisdiction, the defendant must satisfy the normal requirements for diversity jurisdiction and also abide by what is commonly known as the "forum-defendant rule." The forum-defendant rule is codified at 28 U.S.C. § 1441(b)(2) and provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Related to the forum-defendant rule is the procedure known as "snap removal." Snap removal occurs when a defendant removes a case before a forum defendant has been served. The Eighth Circuit has "yet to weigh in on the" propriety of snap removal, though it has stated snap removal "cannot cure a lack of complete diversity." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023).

When interpreting a statute, courts within the Eighth Circuit "begin with the statute's plain language, . . . ." *United States v. Lester*, 92 F.4th 740, 742 (8th Cir. 2024) (quoting *United States v. Moreira-Bravo*, 56 F.4th 568, 571 (8th Cir. 2022)). "[I]f the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *Id.* (quoting *United States v. Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013)). In addition, the Eighth Circuit "strives to maintain uniformity in the law among the circuits, wherever reasoned analysis will allow." *In re Mierkowski*, 580 F.3d 740, 743 (8th Cir. 2009) (citation and internal quotation marks removed).

Plaintiffs argue snap removal is invalid because it goes against Congress's intent and encourages defendants to "hawk" state-court dockets. ECF No. 32 at 11–12. In response,

Defendants argue the plain language of § 1441(b)(2) permits snap removal and concerns over docket hawking "are irrelevant." ECF No. 48 at 9–12, 16–17. Both parties assert the weight of authority supports their respective sides. *See* ECF No. 32 at 10–18; ECF No. 48 at 12–15; ECF No. 60 at 2.

The Court finds snap removal is a valid and appropriate procedure under § 1441(b)(2). First, the plain language of the statute permits removal in diversity cases so long as a forum defendant has not been "properly joined and served." 28 U.S.C. § 1441(b)(2). To disallow snap removal would go against the clear language in § 1441(b)(2) and would render the phrase "and served" mere surplusage. *See United States v. Zam Lian Mung*, 989 F.3d 639, 642 (8th Cir. 2021) ("[C]ourts must give effect, if possible, to every clause and word of a statute." (quotation marks omitted)).

Second, it appears all Circuit Courts of Appeals to have considered snap removal have found proper interpretation of the statute allows snap removal. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) ("In short, [the defendant] has availed itself of the plain meaning of the statute, for which there is precedential support."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) ("Put simply, the result here—that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship—is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved*

resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

Third, Congress implicitly endorsed snap removal because "Congress did not revise [the properly joined and served language] when it amended Section 1441(b)(2) in 2011 even after some snap removals had occurred." *Texas Brine*, 955 F.3d at 486.

The Court does not opine as to Plaintiffs' concerns about defendants "hawking" state-court dockets. If this is an issue, it is for Congress to address—not this Court.

Joining with the Circuit Courts to have considered this issue, the Court concludes snap removal is consistent with § 1441(b)(2). Gannett's removal of the case before Trump served any forum defendant was proper.

### B.   Whether Trump Needed to Seek Leave to Add Nondiverse Plaintiffs When Amending the Complaint

Typically, a plaintiff may amend their complaint "once as a matter of course" under certain circumstances. Fed. R. Civ. P. 15(a). But where the amendment adds a party, the plaintiff must first seek leave of the Court pursuant to Federal Rule of Civil Procedure 21. *See* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1688 (3d ed.) ("Most courts have held that the specific provision relating to joinder in Rule 21 governs over the more general text of Rule 15, and that an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course."). This is especially true if the amendment adds a nondiverse party to a removed case—the district court "should scrutinize that amendment more closely than an ordinary amendment." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009). Where a federal court has jurisdiction over a case, the court has a "'virtually unflagging' obligation to exercise it." *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

In *Bailey*, the Eighth Circuit weighed whether a district court abused its discretion in

denying the plaintiff's motion to amend and join nondiverse parties. 563 F.3d at 307–09. First, the Eighth Circuit considered whether the joined parties were indispensable pursuant to Federal Rule of Civil Procedure 19. *Id.* at 308. After determining the parties were dispensable, the Eighth Circuit held "the district court had full discretionary authority to deny joinder and retain jurisdiction over the action." *Id.* The Eighth Circuit reiterated that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Id.* (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

Lastly, the *Bailey* Court considered whether justice required the joinder of the dispensable nondiverse parties. *Id.* at 309. During this determination, the Eighth Circuit analyzed the following three factors: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Id.* at 309 (citation omitted). Although not procedurally identical, the Court finds the analytical structure utilized in *Bailey* applicable to the present case. Trump did not seek leave of the Court to join Zaun and Miller-Meeks—who undoubtedly defeat jurisdiction. The Court applies the *Bailey* analysis and considers the Amended Complaint a nullity. The Court therefore treats the Amended Complaint, ECF No. 23, as if it were a request for leave to amend. For the reasons set forth below, the Court denies this request.

As an initial matter, Plaintiffs do not contend Zaun and Miller-Meeks are indispensable parties under Rule 19. *See* ECF Nos. 32, 60. Instead, Plaintiffs argue Zaun and Miller-Meeks are permissively joined under Rule 20. *See* ECF No. 60 at 7–9. The Court determines Zaun and Miller-Meeks are dispensable parties. As such, the question is whether justice requires the Court to allow Trump to amend his complaint and join Zaun and Miller-Meeks. *Cf. Bailey*, 563 F.3d at 308–09.

Under the first *Bailey* factor, the addition of Zaun and Miller-Meeks appears intended to defeat diversity jurisdiction. The Amended Complaint itself—in perhaps what is most telling of Trump's intent—argues Defendants violated the forum-defendant rule, ECF No. 23 ¶ 28, and the Court lacks subject-matter jurisdiction because the case is not between citizens of different states, *id.* ¶¶ 31–32, 35. Next, Plaintiffs' counsel sent an email to Defendants' counsel four days after Trump filed the Amended Complaint "inquiring as to whether Defendants would stipulate to remand, given the addition of Iowa citizens as Plaintiffs and the resultant loss of diversity." ECF No. 30 at 1–2. The timing of this email and its contents suggest the addition of Zaun and Miller-Meeks was intended to defeat the Court's jurisdiction over the case. Lastly, Plaintiffs provide no legitimate rationale for Zaun and Miller-Meeks to join a federal lawsuit only to immediately move to remand. Zaun and Miller-Meeks could have sued Defendants in state court without fear of removal. Thus, the only apparent reason to have joined Trump's lawsuit is to destroy diversity jurisdiction. Given the above, the first *Bailey* factor weighs heavily in favor of denying the amendment to add Zaun and Miller-Meeks.

The second factor under *Bailey*—whether the plaintiff was dilatory in seeking to amend—does not weigh in favor of Trump or Defendants. Trump almost certainly knew of Zaun and Miller-Meeks prior to filing suit. Though Trump added the two as co-plaintiffs in the Amended Complaint less than two months after initially filing the underlying petition, Trump fails to provide a reason why the three did not initially file a petition together. As such, there was a short delay in adding the two as co-plaintiffs, but not to the extent seen in *Bailey* where the plaintiff waited over a year to join nondiverse parties to the lawsuit. *Bailey*, 563 F.3d at 309. Given the lack of reason provided by Trump, but the relatively short timeframe in joining Zaun and Miller-Meeks, the second factor is neutral.

Under the third factor, Trump will not be significantly injured if the Court denies leave to amend. Though there is a risk of parallel lawsuits between state and federal court, it seems unlikely any relief for Trump would be precluded by the absence of Zaun and Miller-Meeks. That is, Trump is capable of receiving full compensation for the injuries he alleges without the presence of Zaun and Miller-Meeks. This factor weighs in favor of denying the amendment.

Accordingly, the Court denies leave for amendment to join Zaun and Miller-Meeks. *Cf.* Wright & Miller, *supra*, § 1685 ("Courts frequently employ Federal Rule of Civil Procedure 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Federal Rule of Civil Procedure 19."). The Court thus retains diversity jurisdiction, denies Plaintiffs' motion to remand, and declines to address Defendants' arguments concerning fraudulent joinder.

## C.    Attorneys' Fees

When a defendant has a "reasonable basis for removal," district courts are within their discretion to deny requests for attorneys' fees. *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 484 (8th Cir. 2015). Based on the above analysis, Defendants had a reasonable basis for removal and in resisting remand. The Court denies Plaintiffs' request for attorneys' fees.

## V.    CONCLUSION

An opinion that is interlocutory in nature and is not a final judgment typically is not immediately appealable. *See* 28 U.S.C. § 1292. However, because the "order involves a controlling question of law as to which there is substantial ground for difference of opinion"—concerning snap removal and the addition of a jurisdiction-defeating plaintiff after removal without leave of court—the Court determines "an immediate appeal . . . may materially advance the ultimate termination of the ligation . . . ." *Id.* § 1292(b). As such, the Court certifies this order as

immediately appealable under 28 U.S.C. § 1292(b).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs Donald J. Trump, Bradley Zaun, and Mariannette Miller-Meeks's Motion to Remand, ECF No. 30, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Donald J. Trump, Bradley Zaun, and Mariannette Miller-Meeks's Motion for Attorneys' Fees, ECF No. 30, is **DENIED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, ECF No. 23, is **VACATED** as a nullity. Bradley Zaun and Mariannette Miller-Meeks are terminated as plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump has seven days from the date of this order to file a revised version of the Amended Complaint, ECF No. 23, omitting Bradley Zaun and Miller-Meeks as plaintiffs, and deleting any allegations included solely to support their claims. No other alterations to the Amended Complaint filed on January 31, 2025, are permitted. Trump may not add new parties, allegations, or claims in the refiled amended complaint. Trump must also file a redline version of the refiled amended complaint showing the changes made from the now-null Amended Complaint, ECF No. 23, reflecting compliance with this order.

**IT IS FURTHER ORDERED** that this opinion is immediately appealable pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

# Exhibit 2
# R. Doc. 70

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DONALD J. TRUMP,<br><br>      Plaintiff,<br><br>v.<br><br>J. ANN SELZER, SELZER & COMPANY,<br>DES MOINES REGISTER AND TRIBUNE<br>COMPANY, and GANNETT CO., INC.,<br><br>      Defendants. | **No. 4:24-cv-00449-RGE-WPK**<br><br>**ORDER DENYING MOTION TO<br>STAY** |

On May 23, 2025, the Court denied Plaintiff Donald J. Trump and former Plaintiffs Bradley Zaun and Mariannette Miller-Meeks's motion to remand to state court. ECF No. 65. In that order, the Court granted permission to seek an interlocutory appeal and ordered Trump to file an amended complaint removing former Plaintiffs Zaun and Miller-Meeks and eliminating claims exclusive to those Plaintiffs. *Id.* at 11.

Trump now seeks a stay as an interlocutory appeal is pursued. ECF No. 66. In the motion, Trump asks the Court to extend the deadline for filing an amended complaint until 14 days after resolution of any appellate proceedings. *Id.* The motion is identified as unresisted. *Id.*

Defendants respond to clarify they consent to a short extension of the deadline to file an amended complaint, but do not consent to a general stay or to an open-ended extension of the amended complaint deadline to a date following resolution of appellate proceedings. ECF No. 67. Trump replies, suggesting the timing of the filing of an amended complaint may interfere with appellate proceedings. ECF No. 68. The petition for an interlocutory appeal has been filed with the Eighth Circuit. ECF No. 69.

"A stay is not a matter of right, even if irreparable injury might otherwise result but instead is an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up)). The "sound legal principles" guiding judicial discretion in this context are similar to those governing the propriety of preliminary injunctions: "likelihood of success"; the presence of "irreparable" injury; injury "to other parties interested in the proceeding"; and "where the public interest lies." *Id.* (quoting *Nken*, 556 U.S. at 434). "[T]he party moving for the stay pending appeal, 'bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.* (quoting Nken, 556 U.S. at 434).

Having considered all pertinent filings, including the petition for an interlocutory appeal, the Court denies the motion for a stay without prejudice. The Court concludes the movant has not, as yet, shown a strong likelihood of success or the presence of irreparable harm. The Court, however, extends the deadline for filing the previously ordered amended complaint to July 18, 2025.

**IT IS ORDERED** that Plaintiff Donald J. Trump's Motion to Stay, ECF No. 66, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump shall file an amended complaint, as previously ordered by the Court, ECF No. 65, on or before July 18, 2025.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

# Exhibit 3
# R. Doc. 78

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

---

DONALD J. TRUMP,

      Plaintiff,

v.

J. ANN SELZER, SELZER & COMPANY,
DES MOINES REGISTER AND TRIBUNE
COMPANY, and GANNETT CO., INC.,

      Defendants.

**No. 4:24-cv-00449-RGE-WPK**

**ORDER RE: DEFENDANTS'
MOTION TO STRIKE**

---

On June 30, 2025, Plaintiff Donald J. Trump filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Pl.'s Notice Vol. Dismissal, ECF No. 71. The same day, Trump, Mariannette Miller-Meeks, and Bradley Zaun filed in the Iowa District Court for Polk County a petition in line with the Amended Complaint filed in this Court on January 31, 2025. *Compare* Pet., ECF No. 72-3 *with* Am. Compl., ECF No. 23. Defendants the Des Moines Register and Tribune Co. and Gannett Co., Inc. move to strike the voluntary dismissal and argue the Court should decline to terminate the case. The Register and Gannett's Mot. Strike, ECF No. 72. Defendants J. Ann Selzer and Selzer & Company join the motion to strike. Selzer and Selzer & Company's Notice of Joinder, ECF No. 74. The Court issued a text order requiring Trump to file a response to Defendants' motion to strike by June 2, 2025, at 12:00 p.m. ECF No. 73. Trump resists Defendants' motion to strike. Pl.'s Resist. Mot. Strike, ECF No. 77.

Previously, the Court denied Trump's motion to remand and vacated the Amended Complaint, ECF No. 23, as a nullity, ECF No. 65. The Court required Trump to file a newly amended complaint within seven days from the date the order was filed (i.e., by May 23, 2025) with certain stipulations. ECF No. 65 at 10–11. Due to the possibility of a substantial ground for

difference of opinion concerning 1) the propriety of snap removal and 2) the addition of a jurisdiction-defeating plaintiff after removal without leave of the court, the Court certified its order for immediate appeal under 28 U.S.C. § 1292(b). *Id.* Trump appealed and requested a stay of proceedings at the district court while his appeal with the Eighth Circuit was pending, and, in addition, Trump requested an extension of time to file the ordered amended complaint. Pl.'s Mot. Stay, ECF No. 66. The Court denied the stay without prejudice, but granted the extension, and provided Trump until July 18, 2025, to file a compliant amended complaint. Order Re. Mot. Stay, ECF No. 70.

On June 2, 2025, the circuit clerk of the Eighth Circuit notified counsel that a petition for permission to appeal was filed for this case. Notice U.S.C.A., ECF No. 69. The case number is 25-8003 and the case caption is "Donald J. Trump, et al v. J. Selzer et al." *Id.* at 1.

The Court strikes Trump's voluntary dismissal and declines to terminate the case. Because Trump's appeal confers jurisdiction to the Eighth Circuit over aspects of this case, Trump must first dismiss the appeal before voluntarily dismissing the district court case. *Cf. Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Federal Rule of Appellate Procedure 42 governs the steps an appellant must take to dismiss an appeal. If the appeal has not been docketed by the circuit clerk, "the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." Fed. R. App. P. 42(a). If the circuit clerk has docketed the appeal, jurisdiction to dismiss the appeal lies with the circuit court. *Id.* 42(b).

The parties dispute whether Trump's appeal has been docketed by the circuit clerk. *See* ECF No. 72 at 2; ECF No. 77 at 5. Regardless of whether the appeal has been docketed, Trump

did not file a motion to dismiss the appeal in the district court, *see* Fed. R. App. P. 42(a), nor in the circuit court, *see id.* 42(b). Because Trump has not filed such motion in either the district court or the circuit court, this Court can take no action that would affect the pending matter before the Eighth Circuit. Giving effect to a notice of voluntary dismissal, for all practical purposes, would result in a dismissal of Trump's appeal—which is procedurally improper. *Cf. Griggs*, 459 U.S. at 58; Fed. R. App. P. 42.

As such, the Court grants Defendants' motion to strike.

**IT IS ORDERED** that Defendants J. Ann Selzer, Selzer & Company, Des Moines Register and Tribune Company, and Gannett Co., Inc.'s Motion to Strike, ECF No. 72, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump's Notice of Voluntary Dismissal, ECF No. 71, is struck from the record.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

# Exhibit 4

# R. Doc. 86

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

---

| | |
|---|---|
| DONALD J. TRUMP,<br><br>        Plaintiff,<br><br>v.<br><br>J. ANN SELZER, SELZER & COMPANY,<br>DES MOINES REGISTER AND TRIBUNE<br>COMPANY, and GANNETT CO., INC.,<br><br>        Defendants. | **No. 4:24-cv-00449-RGE-WPK**<br><br><br>**ORDER DENYING<br>PLAINTIFF'S RENEWED<br>MOTION TO STAY** |

---

On May 23, 2025, the Court denied Plaintiff Donald J. Trump and former Plaintiffs Bradley Zaun and Mariannette Miller-Meeks's motion to remand to state court. ECF No. 65. In the order, the Court granted permission to seek an interlocutory appeal and ordered Trump to file an amended complaint within seven days, removing former Plaintiffs Zaun and Miller-Meeks and eliminating claims exclusive to those Plaintiffs. *Id.* at 11. On the deadline for filing the amended complaint, Trump moved to stay proceedings and extend the deadline while he pursued an interlocutory appeal. ECF No. 66. The Court denied the motion to stay, but extended the deadline for Trump to file an amended complaint to July 18, 2025. ECF No. 70.

On June 30, 2025, Trump filed a notice of voluntary dismissal. ECF No. 71. Defendants moved to strike the notice of voluntary dismissal. ECF Nos. 72, 74. Trump resisted. ECF No. 77. On July 2, 2025, the Court granted the motion to strike because Trump's appeal conferred jurisdiction to the Eighth Circuit over aspects of the case, and Trump had not taken the appropriate steps to dismiss the appeal. ECF No. 78. On July 3, 2025, the Eighth Circuit denied Trump's petition for permission to appeal and issued a mandate. ECF Nos. 81–82. On July 8, 2025, Trump

moved to recall the mandate and requested the Eighth Circuit note that his petition for permission to appeal did not confer jurisdiction on the Eighth Circuit. *See* ECF No. 83 ¶ 8.

Again, on the final day Trump was permitted to file the previously ordered amended complaint, Trump moved for "the Court [to] stay the requirement to file an amended complaint for 30 days following the Eighth Circuit's disposition of the motion" described above. *Id.* ¶ 10. Defendants resist. ECF Nos. 84–85.

"A stay is not a matter of right, even if irreparable injury might otherwise result but instead is an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024) (cleaned up) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). The "sound legal principles" guiding judicial discretion in this context are similar to those governing the propriety of preliminary injunctions: "likel[ihood of] success"; the presence of "irreparable" injury; injury to "other parties interested in the proceeding"; and "where the public interest lies." *Id.* (quoting *Nken*, 556 U.S. at 434). "[T]he party moving for the stay pending appeal, 'bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 434).

Having considered all pertinent filings, including the filings surrounding the motion to recall the mandate before the Eighth Circuit Court of Appeals, the Court denies the renewed motion to stay. The Court concludes the movant has not shown a strong likelihood of success or the presence of irreparable harm.

The Court expects compliance with all court orders. Failure to comply with orders of the Court may result in sanctions. The parties must comport with all rules regulating this litigation, including the Local Rules and applicable deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff Donald J. Trump's Renewed Motion to Stay, ECF

No. 83, is **DENIED**.

  **IT IS FURTHER ORDERED** that Plaintiff Donald J. Trump shall file an amended complaint, as previously ordered by the Court, ECF No. 65 at 11, no later than **5:00 p.m. Central Time on Friday, July 25, 2025.**

  **IT IS SO ORDERED**.

Dated this 23rd day of July, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE