In re: President Donald J. Trump

Petitioner

_____

Appeal from U.S. District Court for the Southern District of Iowa - Central
(4:24-cv-00449-RGE)

_____

**JUDGMENT**

Before SMITH, STRAS, and KOBES, Circuit Judges.

 President Donald Trump dismissed his fraud case before any defendant answered or moved for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Rather than give effect to "the simple filing of a paper on the docket," however, the district court struck it. *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 318 (2025); *see Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 659 (8th Cir. 1986) (noting that the rule is "self-executing"). Although it thought Trump's application for interlocutory review of an earlier order tied its hands, we had not "in [our] discretion, permit[ted] an appeal" or stayed the proceedings. 28 U.S.C. § 1292(b). Only then would it have lost its ability to act. *See id.* (saying we "*would* have jurisdiction of an appeal" if the application were granted (emphasis added)); *see* Fed. R. App. P. 5(d)(2) (treating an "order granting permission to appeal," not a party's application, as the equivalent of a notice of appeal).

 Mandamus alone is "adequate" to undo the district court's error, which deprived Trump of a result—immediate and automatic dismissal without prejudice—to which he was "clear[ly] and indisputabl[y]" entitled. *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004) (citation omitted); *see In re Apple, Inc.*, 602 F.3d 909, 911 (8th Cir. 2010) (per curiam). We are also "satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at

381. We accordingly grant Trump's petition for a writ of mandamus and direct the district court to vacate its order striking the notice of voluntary dismissal and treat the case as dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i), (B). The mandate will issue in seven days.

KOBES, Circuit Judge, dissenting.

President Trump admits he can appeal the order striking his notice of dismissal after judgment, and he has a pending motion to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). These are two "other adequate means to obtain relief." *Cheney*, 542 U.S. at 380. I also disagree that President Trump has carried his burden to show a "clear and indisputable" right to the writ and that the writ is "appropriate under the circumstances." *Id.* at 381. This is not the "really extraordinary" case that justifies the "drastic" remedy of a writ of mandamus. *Id.* at 380. I respectfully dissent.

October 24, 2025

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
　　　　/s/ Susan E. Bindler