No. 25-2603

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

In re PRESIDENT DONALD J. TRUMP, Petitioner.

---

On Petition for Writ of Mandamus
to the United States District Court for the Southern District of Iowa
Case No. 4:24-cv-00449,
The Honorable Rebecca Goodgame Ebinger, District Judge

---

## PETITION FOR PANEL REHEARING OR REHEARING EN BANC

---

**Nicholas A. Klinefeldt**
**David Yoshimura**
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
(515) 248-9000
nick.klinefeldt@faegredrinker.com
david.yoshimura@faegredrinker.com

*Attorneys for Respondents Des Moines Register &
Tribune Company and Gannett Co., Inc.*

**Robert Corn-Revere**
**Conor T. Fitzpatrick**
FOUNDATION FOR INDIVIDUAL RIGHTS AND
EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@thefire.org

conor.fitzpatrick@thefire.org

**Greg H. Greubel**
**Adam Steinbaugh**
FOUNDATION FOR INDIVIDUAL RIGHTS AND
EXPRESSION (FIRE)
510 Walnut Street, Suite 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org
adam@thefire.org

**Matthew A. McGuire**
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Respondents J. Ann Selzer and*
*Selzer & Company*

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

RULE 40(b) STATEMENT ......................................................................................... 2

BACKGROUND ......................................................................................................... 4

ARGUMENT ............................................................................................................... 8

I.   The Panel's Decision Misapprehends and Conflicts with the Mandamus
     Jurisprudence of This Court, the United States Supreme Court, and
     Other Circuit Courts of Appeals. ....................................................................... 8

     A. The panel's decision neither acknowledges the existence of other means to
        obtain relief nor articulates how they are inadequate. ........................................ 8

     B.  The panel incorrectly ruled that President Trump's right to relief is "clear and
        indisputable," overlooking cases, rules, and arguments that demonstrate a
        serious dispute over the correct outcome. ............................................................ 9

     C. The panel's conclusory statement that this case presents "appropriate"
        circumstances for mandamus relief overlooks the factual considerations
        indicating otherwise. ........................................................................................... 11

II.  The Panel's Decision Conflicts with the Supreme Court's
     Ruling in *Dart Cherokee*. .................................................................................. 13

III. Questions of "Exceptional Importance" at the Intersection of Appellate
     Procedure, Civil Procedure, and Federal Jurisdiction Warrant Rehearing. ............. 14

CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|

*In re Abbott Lab'ys.*,
  96 F.4th 371 (3d Cir. 2024).................................................................. 2

*Allied Chem. Corp. v. Daiflon, Inc.*,
  449 U.S. 33 (1980) (per curiam) ........................................................ 3, 10

*Auer v. Trans Union, LLC*,
  834 F.3d 933 (8th Cir. 2016) ...................................................*passim*

*Balintulo v. Daimler AG*,
  727 F.3d 174 (2d Cir. 2013) ............................................................... 2

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) ...............................................................*passim*

*Chi. Ins. Co. v. City of Council Bluffs*,
  No. 1:07-cv-21, 2012 WL 13018889 (S.D. Iowa Jan. 10, 2012)................................ 10

*In re Cooper Tire & Rubber Co.*,
  568 F.3d 1180 (10th Cir. 2009) ........................................................... 2

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014) ......................................................... 4, 13, 15

*In re Depuy Orthopaedics, Inc.*,
  870 F.3d 345 (5th Cir. 2017) .............................................................. 2

*Dietz v. Bouldin*,
  579 U.S. 40 (2016) ........................................................................ 10

*Donnelly v. Des Moines Register, et al.*,
  Case No. 4:25-cv-00150, Dkt. No. 47 (S.D. Iowa Oct. 22, 2025) ............................ 7

*Donner v. Alcoa, Inc.*,
  709 F.3d 694 (8th Cir. 2013) ............................................................. 12

*In re Grand Jury Process, Doe*,
  814 F.3d 906 (8th Cir. 2015) ......................................................... 3, 8

*In re Hall,*
    4 F.4th 376 (6th Cir. 2021) ........................................................................ 2

*Lee Mem'l. Hosp. v. Becerra,*
    10 F.4th 859 (D.C. Cir. 2021) .................................................................. 2

*McEvoy v. Diversified Energy Co. PLC,*
    111 F.4th 330 (4th Cir. 2024) ................................................................... 2

*In re Ozenne,*
    841 F.3d 810 (9th Cir. 2016) .................................................................... 2

*Pfizer, Inc. v. Lord,*
    522 F.2d 612 (8th Cir. 1975) ............................................................... 3, 11

*In re Rutledge,*
    956 F.3d 1018 (8th Cir. 2020) ............................................................ 3, 11

*Sound Inv. & Realty Co. v. Harper,*
    178 F.2d 274 (8th Cir. 1949) ..................................................................... 3

*Sperry Rand Corp. v. Larson,*
    554 F.2d 868 (8th Cir. 1977) ................................................................... 10

*In re Tsarnaev,*
    780 F.3d 14 (1st Cir. 2015) (per curiam) ................................................. 2

*In re Union Elec. Co.,*
    787 F.3d 903 (8th Cir. 2015) ................................................................... 11

*United States v. Henderson,*
    915 F.3d 1127 (7th Cir. 2019) .................................................................. 2

*United States v. Shalhoub,*
    855 F.3d 1255 (11th Cir. 2017) ................................................................ 2

*In re Vincent,*
    105 F.3d 943 (4th Cir. 1997) (per curiam) ............................................ 12

*Waymo LLC v. Uber Techs., Inc.,*
    870 F.3d 1350 (Fed. Cir. 2017) ................................................................ 2

*In re Westcott,*
    135 F.4th 243 (5th Cir. 2025) ................................................................. 12

## Statutes, Rules & Regulations

28 U.S.C. § 1292(b) ............................................................................................ 5

Fed. R. App. P. 1 ............................................................................................... 14

Fed. R. App. P. 40 .............................................................................. 1, 2, 3, 4, 14

Fed. R. App. P. 42 ............................................................... 4, 6, 7, 10, 11, 14, 15

Fed. R. Civ. P. 12 ............................................................................................... 5

Fed. R. Civ. P. 41 ................................................................................. 4, 7, 14, 15

## INTRODUCTION

A divided panel of this Court has taken the extreme step of issuing a writ of mandamus—"a drastic and extraordinary remedy reserved for really extraordinary causes"—even though the case concerns only a single, appealable issue of civil procedure; and even though this Court has already considered and rejected the requested relief sought on identical bases three months ago. *See Auer v. Trans Union, LLC*, 834 F.3d 933, 936 (8th Cir. 2016) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). The only uncommon characteristic of this case is that the petitioner is President Donald Trump in his individual capacity, seeking to avoid the jurisdiction of the federal district court. But that is not a sufficient basis to directly contravene the United States Supreme Court's dictates against issuing writs of mandamus where, as here, doing so would merely make an end-run around the "regular appeals process." *Cheney*, 542 U.S. at 381.

The panel's grant of mandamus is contrary to controlling case law, overlooks dispositive facts and legal principles, and is not commensurate with the circumstances of this case. Rehearing is required. This Court should stay issuance of the mandate, grant this petition for rehearing, and deny President Trump's Petition for Writ of Mandamus.

# RULE 40(b) STATEMENT

For the reasons stated herein, panel rehearing is necessary to address issues of law and fact that were overlooked or misapprehended in the panel majority's Judgment. *See* Fed. R. App. P. 40(b)(1).

Absent panel rehearing, rehearing en banc is necessary for several reasons. The panel's decision both "conflicts with a decision of the United States Supreme Court," *i.e.*, *Cheney*, and conflicts with decisions of this Court applying *Cheney*. *Id.* r. 40(b)(2)(A)–(B); *cf. Cheney*, 542 U.S. at 380–81 (holding that mandamus may not be "used as a substitute for the regular appeals process"); *Auer*, 834 F.3d at 936–37 (applying *Cheney* to deny issuance of a writ of mandamus). Compounding those issues, "the panel's decision conflicts with . . . authoritative decision[s] of []other United States court[s] of appeals"[1] such that the decision splits from every other circuit, making the Eighth Circuit the only court of appeals to grant writs of mandamus when an identical and adequate remedy is available through a standard appeal. Fed. R. App. P. 40(b)(2)(C). Lastly, this case concerns "questions of exceptional importance." *Id.* r. 40(b)(2)(D).

---

[1] *In re Tsarnaev*, 780 F.3d 14, 19, 28 (1st Cir. 2015) (per curiam); *Balintulo v. Daimler AG*, 727 F.3d 174, 186–88 (2d Cir. 2013); *In re Abbott Lab'ys.*, 96 F.4th 371, 385 (3d Cir. 2024); *McEvoy v. Diversified Energy Co. PLC*, 111 F.4th 330, 337 (4th Cir. 2024); *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 352–53 (5th Cir. 2017); *In re Hall*, 4 F.4th 376, 378–80 (6th Cir. 2021); *United States v. Henderson*, 915 F.3d 1127, 1132–33 (7th Cir. 2019); *In re Ozenne*, 841 F.3d 810, 815–16 (9th Cir. 2016); *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009); *United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017); *Lee Mem'l. Hosp. v. Becerra*, 10 F.4th 859, 867 (D.C. Cir. 2021); *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1357–59 (Fed. Cir. 2017).

Three issues arising from the panel's ruling necessitate rehearing.

*First*, the panel's decision misconstrues and misapplies the law on the three mandatory conditions that must be established for a writ of mandamus to issue under *Cheney. See Cheney*, 542 U.S. at 380–81; *In re Grand Jury Process, Doe*, 814 F.3d 906, 907 (8th Cir. 2015). Accordingly, panel rehearing is needed to address legal matters overlooked by the Judgment; alternatively, en banc hearing is needed because the Judgment does not comport with the Supreme Court's, this Circuit's, or its sister circuits' jurisprudence. *See* Fed. R. App. P. 40(b)(1)(A), (b)(2)(A)–(C).

The first *Cheney* condition requires that there be "no other adequate means to attain the relief," *i.e.*, that the requested relief is unavailable through the "regular appeals process." *Cheney*, 542 U.S. at 380–81. The panel overlooked or did not acknowledge that the standard appeals process is available and adequate. *See id.*; *Auer*, 834 F.3d at 936; *Sound Inv. & Realty Co. v. Harper*, 178 F.2d 274, 276–77 (8th Cir. 1949). The second condition requires that President Trump's right to mandamus relief be "clear and indisputable"; but the panel did not identify how the district court's challenged order rose to the level of a "judicial usurpation of power." *Cheney*, 542 U.S. 371, 381; *In re Rutledge*, 956 F.3d 1018, 1025, 1027 (8th Cir. 2020); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam); *Pfizer, Inc. v. Lord*, 522 F.2d 612, 614–15 (8th Cir. 1975). The third condition requires that the "extraordinary remedy" of mandamus be "appropriate under the circumstances"; but the panel's Judgment does not address the totality of the circumstances. *See Cheney*, 542 U.S. at 380–81; *Auer*, 834 F.3d at 936.

*Second*, rehearing is needed to address the overlooked case *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014), in which the Supreme Court held that case is in the appellate court when considering a petition for permission to appeal, indicating a circuit court must have jurisdiction over the case in material part. *See* Fed. R. App. P. 40(b)(1)(A). Alternatively, en banc rehearing is needed because the panel ruling conflicts with *Dart Cherokee. See id.* r. 40(b)(2)(B). *Dart Cherokee* confirms that the district court's order was proper, and that President Trump is not entitled to relief.

*Third*, this case raises two questions of "exceptional importance" that warrant rehearing. *See id.* r. 40(b)(2)(D). The panel's decision rests solely on the application of Federal Rule of Civil Procedure 41(a)(1)(A)(i) and entirely overlooks the arguments presented that President Trump failed to abide by Federal Rule of Appellate Procedure 42. This Court should grant rehearing to adjudicate the unresolved question of whether Civil Rule 41(a)(1)(A)(i) supersedes Appellate Rule 42(a). Additionally, the panel's decision does not address—let alone resolve—the question of the nature of this Court's jurisdiction during the pendency of a petition for permission to appeal. Rehearing is needed to resolve these questions of exceptional importance.

## BACKGROUND

This case has been pending in the district court for over ten months. On December 16, 2024, President Trump filed the underlying lawsuit in Iowa state court against Des Moines Register and Tribune Company and Gannett Co., Inc. (collectively, "Press Defendants") as well as J. Ann Selzer and Selzer & Company. (R. Doc. 1-1 at 1.)

The following day, Gannett removed the case to federal court. (R. Doc. 1 at 1–5.) At that time, the parties were completely diverse, the amount in controversy was over $75,000, and no defendant had been served. (*Id.*)

Roughly six weeks later, President Trump filed an amended complaint that attempted to add two Iowa citizens as plaintiffs—U.S. Representative Mariannette Miller-Meeks and former Iowa State Senator Bradley Zaun—to destroy the district court's diversity jurisdiction without first obtaining leave to do so. (R. Doc. 23 at 1.) All Defendants timely filed respective motions to dismiss the case pursuant to Rule 12(b)(6). (R. Docs. 24, 28.) President Trump, on the other hand, moved to remand the case, arguing that Gannett's "snap removal" was improper and that complete diversity of citizenship no longer existed between the parties. (R. Doc. 30 at 1–2; R. Doc. 32 at 5, 8.) The district court rejected President Trump's arguments, denied the remand motion, and vacated the jurisdiction-destroying amended complaint as a nullity. (R. Doc. 65 at 11.) The district court *sua sponte* certified its order for immediate appeal under 28 U.S.C. § 1292(b). (*Id.*)

On June 2, 2025, President Trump filed his petition for permission to appeal. (*See Trump v. Selzer*, No. 25-8003, Pet. for Permission to Appeal.) But on June 30, 2025, while his petition for permission to appeal was under consideration, President Trump abruptly changed course. He filed a notice of voluntary dismissal in the district court (R. Doc. 71 at 1), and a new, identical lawsuit in Iowa state court. He also filed a so-called "dismissal of petition for permission to appeal" without seeking the permission

of this Court, citing to any procedural rule or authority, or requesting or obtaining the consent of Respondents. (*Trump*, No. 25-8003, Dismissal of Pet.) Press Defendants immediately moved to strike both the notice of voluntary dismissal in the district court and "dismissal of petition for permission to appeal" in this Court. (*See* R. Doc. 72; *see also Trump*, No. 25-8003, Mot. to Strike.)

The district court granted Press Defendants' motion on July 2, 2025, and struck President Trump's notice of voluntary dismissal. (R. Doc. 78 at 3.) Specifically, the district court ruled: "Because Trump's appeal confers jurisdiction to the Eighth Circuit over aspects of this case, Trump must first dismiss the appeal before voluntarily dismissing the district court case." (*Id.* at 2.) While noting that the parties disagreed over whether an appeal had been "docketed," the district court ruled that "[*r*]*egardless* of whether the appeal has been docketed, Trump did not file a motion to dismiss the appeal in the district court, *see* Fed. R. App. P. 42(a), nor in the circuit court, *see id.* 42(b)." (*Id.* at 2–3 (emphasis added).) Therefore, the notice of voluntary dismissal was neither proper nor effective.

The next day, this Court denied President Trump's petition for permission to appeal and entered its formal mandate. (*See Trump,* No. 25-8003, Judgment, Mandate.)

Five days later, on July 8, 2025, President Trump filed a Motion to Recall Mandate and Modify Opinion in this Court. (*Trump*, No. 25-8003, Mot. to Recall Mandate.) In that motion, President Trump requested that the Court "clarify that jurisdiction was not in this Court merely because a petition for permission to appeal

had been filed" and clarify that Federal Rule of Appellate Procedure 42 "did not apply to dismissal of the petition for permission to appeal." (*Id.* at 7–11.)

On July 24, 2025, this Court denied Petitioner's motion to recall mandate. (*See Trump*, No. 25-8003, Order.)

Faced with the district court's imminent consideration of Defendants' motions to dismiss, President Trump filed this Petition for Writ of Mandamus on August 13, 2025, declaring the district court "a hostile forum" and reproducing *verbatim* the substantive arguments of the previously denied motion. (*Compare* Mot. to Recall Mandate at 7–11, *with* Mandamus Pet. at 14–19.) While awaiting this Court's decision, President Trump filed a Rule 41(a)(2) motion to dismiss without prejudice in the district court. (R. Doc. 113.)[2]

On October 24, 2025, a divided panel of this Court granted President Trump's request for mandamus relief. (*See* Judgment at 2.) Judge Kobes noted in dissent that President Trump's Petition failed to establish *any* of the three mandatory conditions for the issuance of a writ. (*Id.* (Kobes, J., dissenting) (citing *Cheney*, 542 U.S. at 380).)

---

[2] The district court also denied a motion to remand in *Donnelly v. Des Moines Register, et al.*, Case No. 4:25-cv-00150, Dkt. No. 47 (S.D. Iowa Oct. 22, 2025). The court noted that the *Donnelly* lawsuit and President Trump's lawsuit have "significantly overlapping subject matter" because both cases "center[] around the Des Moines Register's publication of the Seltzer presidential election poll" and the defendants in the *Donnelly* case "are also defendants in [President Trump's federal lawsuit]." *Id.* at 4, n.1.

# ARGUMENT

## I. The Panel's Decision Misapprehends and Conflicts with the Mandamus Jurisprudence of This Court, the United States Supreme Court, and Other Circuit Courts of Appeals.

Because mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes," *Auer*, 834 F.3d at 936 (quoting *Cheney*, 542 U.S. at 380), the Supreme Court and this Court are clear that a petition for mandamus should be granted only when three conditions are satisfied: (1) "the petitioner must show that he has no other adequate means to obtain relief"; (2) the petitioner must show "that his right to issuance of the writ is clear and indisputable"; and (3) the writ must be "appropriate under the circumstances." *In re Grand Jury Process, Doe*, 814 F.3d at 907 (quoting *Cheney*, 542 U.S. at 380–81). The panel's decision misapplies these conditions—without analysis. As a result, the panel has granted mandamus even though *none* of the three criteria were satisfied. This outcome runs roughshod over the jurisprudence of this Court and the Supreme Court, and rehearing should be granted.

### A. The panel's decision neither acknowledges the existence of other means to obtain relief nor articulates how they are inadequate.

The panel Judgment states, "Mandamus alone is 'adequate' to undo the district court's error[.]" (Judgment at 1.) With this language, the majority silently disregards specifically identified alternative means to seek relief, including appeal following final judgment or the motion to dismiss without prejudice currently pending before the district court. As the dissent correctly notes, either is an "adequate" means. (*Id.* at 2

(Kobes, J., dissenting) (quoting *Cheney*, 542 U.S. at 380).) The majority says nothing about these alternative means or why they are inadequate.

To the contrary, the standard appeals process is the *presumptive* "adequate means to attain the relief." *Cheney*, 542 U.S. at 380–81. Indeed, this Court rejects requests for writs of mandamus where—as here—they amount to "nothing more than a list of ways [petitioner] thinks the district court . . . violated various Federal Rules of Civil Procedure," because those arguments are "routinely raised and addressed on a direct appeal." *See Auer*, 834 F.3d at 936.

Mandamus may "not be used as a substitute for the regular appeals process." *Id.* (quoting *Cheney*, 542 U.S. at 380–81). The panel's decision overlooked and failed to apply this core principle when it held that mandamus "alone" is the only available means to obtain the requested relief. Rehearing is required to correct this oversight.

### B. The panel incorrectly ruled that President Trump's right to relief is "clear and indisputable," overlooking cases, rules, and arguments that demonstrate a serious dispute over the correct outcome.

As to the second required condition, the panel concluded that President Trump was "clearly and indisputably entitled" to relief because the district court should have given effect to his notice of dismissal instead of striking it. (*Id.* at 1 (citation modified).) However, the panel's ruling omits any treatment of and overlooks the many reasons— both provided by the district court and advanced by Respondents in their resistance— that President Trump's entitlement to mandamus relief depends upon foundational questions of this Court's and the district court's jurisdiction. The substance of the

disputes over those issues show that their outcomes are far from "clear and indisputable." *Cheney*, 542 U.S. at 381.

At the outset, the panel's decision does not grapple with the discretionary nature of the district court's decision. The case law is clear that "a district court possesses inherent powers . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citation modified). That includes the power to strike procedurally infirm filings as in the present case. *See, e.g.*, *Chi. Ins. Co. v. City of Council Bluffs*, No. 1:07-cv-21, 2012 WL 13018889, at *2 (S.D. Iowa Jan. 10, 2012). The case law is also clear that "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is clear and indisputable." *Allied Chem. Corp.*, 449 U.S. at 36; *see also Sperry Rand Corp. v. Larson*, 554 F.2d 868, 872 (8th Cir. 1977).

Furthermore, the panel's ruling says nothing about the crux of the district court's decision—*i.e.*, that President Trump failed to follow the pertinent rules of procedure when filing his notice of dismissal. The Federal Rules of Appellate Procedure provide that "[*b*]*efore an appeal has been docketed* by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." Fed. R. App. P. 42(a) (emphasis added). The Rules further state that *docketed* appeals may be dismissed only by stipulation or by motion of the appellant "on terms agreed to by the parties or fixed by the court." *Id.* r. 42(b)(1)–(2). Because President Trump made no effort to comply with *either* rule, the district court

struck President Trump's dismissal, observing that Rule 42's requirements plainly apply "[*r*]*egardless* of whether [an] appeal has been docketed." (R. Doc. 78 at 3 (emphasis added).)

At a minimum, this decision was well-reasoned and supported by "rational and substantial legal argument." *Pfizer*, 522 F.2d at 615 (citation omitted). It is not the sort of "clear" and "patently erroneous" decision justifying mandamus. *In re Rutledge*, 956 F.3d at 1025; *see also Pfizer*, 522 F.2d at 615 ("[T]he mere fact that a court might err even on jurisdictional questions does not necessarily amount to a usurpation of power making mandamus appropriate."); *In re Union Elec. Co.*, 787 F.3d 903, 909 (8th Cir. 2015) (finding "no clear legal error" justifying mandamus where "the facts and circumstances [were] rationally capable of providing reasons for what the district court has done" (citation omitted)). In holding otherwise, the panel *de facto* lowered the high bar for "clear and indisputable" entitlement to mandamus relief for this specific case, contravening the teachings of this Court and the Supreme Court in the process. (*See* Judgment at 2 (Kobes, J., dissenting) (concluding that President Trump failed to "carr[y] his burden to show a 'clear and indisputable' right to the writ").)

### C. The panel's conclusory statement that this case presents "appropriate" circumstances for mandamus relief overlooks the factual considerations indicating otherwise.

Regarding the last necessary condition for mandamus, the panel stated only that it was "satisfied that the writ is appropriate under the circumstances." (*Id.* at 1–2 (quoting *Cheney*, 542 U.S. at 381).) But this case is not the sort of "extraordinary" case

that implicates mandamus principles, like criminal cases concerning the death penalty. *See, e.g.*, *In re Westcott*, 135 F.4th 243, 247 (5th Cir. 2025) (observing that death penalty cases raise issues of "public importance and exceptional character").

The circumstances of this case indicate that mandamus relief is *not* appropriate. Most saliently, the present petition for writ of mandamus is based on verbatim recitations of arguments previously presented to *and rejected by* this Court mere months ago. (*Compare* Mot. to Recall Mandate at 7–11, *with* Mandamus Pet. at 14–19); *cf. In re Vincent*, 105 F.3d 943, 944–46 (4th Cir. 1997) (per curiam) (denying mandamus petition that "made several requests which have been repeatedly rejected by [the] court"). The panel's decision fails to identify any legal standard or changed circumstance justifying its reversal of this Court's recent rejection of identical arguments.

Additionally, this petition belatedly seeks "merely to escape an adverse decision [or] to seek a more favorable forum." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (internal citation omitted). President Trump could have filed an effective notice of voluntary dismissal at any time prior to his interlocutory appeal petition on June 2, 2025. He did not do so. Instead, he waited until the parties and the district court had substantially advanced the case and this Court was considering his timely petition for permission to appeal.

The totality of the circumstances cuts against the requested extraordinary relief. The panel's failure to address these facts undermines its view that mandamus is proper.

(*See* Judgment at 2 (Kobes, J., dissenting) ("This is not the 'really extraordinary' case that justifies the 'drastic' remedy of a writ of mandamus.").)

## II. The Panel's Decision Conflicts with the Supreme Court's Ruling in *Dart Cherokee.*

The panel's conclusion that this Court clearly lacked jurisdiction unless and until it granted President Trump's petition for permission to appeal conflicts with the Supreme Court's reasoning in *Dart Cherokee.* There, the Supreme Court held that it had jurisdiction to hear the case even though the court of appeals had denied a petition for permission to appeal. 574 U.S. at 90. Crucially, the petitioner's "leave-to-appeal application" in the court of appeals was enough for the Supreme Court to conclude that the case was "in" the court of appeals for purposes of exercising its certiorari jurisdiction. *Id.* The Supreme Court's reasoning and conclusion require that the circuit courts of appeal have material jurisdiction over the case while a petition for permission to appeal is pending—which is precisely what the district court concluded. (R. Doc. 78 at 2.)

The proposition that a court of appeals need not *grant* a petition for permission to appeal for the court to have jurisdiction over a material aspect of the case aligns with both the Supreme Court's *Dart Cherokee* decision and common sense. No one disputes that this Court had the authority to reach a determination on President Trump's then-pending petition and issue a conforming order, judgment, and/or mandate. Indeed, the Court did so by denying the petition and then issuing a formal mandate to the district

court. In fact, this Court's operating procedures explicitly state that its "mandate . . . formally *reconfers jurisdiction* on the district court" once issued. *See* Eighth Circuit Internal Operating Procedures IV.F at 24 (Rev. Feb. 26, 2024). The issuance of such a mandate on the petition for permission to appeal contradicts the premise underlying the panel's finding that this Court had no jurisdiction during the pendency of the petition for permission to appeal. This contradiction requires rehearing. *See* Fed. R. App. P. 40(b)(1)(A), (b)(2)(B).

### III.  Questions of "Exceptional Importance" at the Intersection of Appellate Procedure, Civil Procedure, and Federal Jurisdiction Warrant Rehearing.

Finally, this Court should grant rehearing because at least two questions of "exceptional importance" are implicated here. *See* Fed. R. App. P. 40(b)(2)(D).

*First*, the Court should grant rehearing to clarify the interplay between Federal Rule of Civil Procedure 41 and Federal Rule of Appellate Procedure 42. Both President Trump and the panel ignored Appellate Rule 42 entirely. The panel's ruling thereby implicitly holds that the omission of a motion requirement in Civil Rule 41(a)(1)(A)(i) supersedes the motion requirement in Appellate Rule 42(a). But it points to no authority for that proposition. The Federal Rules of Appellate Procedure must be followed in district court proceedings where applicable. *See* Fed. R. App. P. 1, advisory committee's note to 1979 amendment ("The Federal Rules of Appellate Procedure were designed as an integrated set of rules . . . covering all steps in the appellate process, whether they take place in the district court or in the court of appeals . . . ."). To read both sets of

rules in concert, Civil Rule 41(a)(1)(A)(i) cannot excuse a litigant's failure to properly dismiss a pending action before this Court under Rule 42(a).

*Second*, this case raises foundational questions about this Court's jurisdiction during the pendency of a petition for permission to appeal. Neither President Trump nor the panel identified any controlling precedent speaking to this issue. In light of the Supreme Court's ruling in *Dart Cherokee*, the Court should grant rehearing to address this important question.

## CONCLUSION

For the foregoing reasons, the Court should stay the issuance of its mandate, grant panel rehearing, and thereupon deny the Petition for Writ of Mandamus. Alternatively, the Court should grant rehearing en banc and thereupon deny the Petition for Writ of Mandamus.

Dated: October 30, 2025   Respectfully submitted,

         /s/ *David Yoshimura*

         **Nicholas A. Klinefeldt**
         **David Yoshimura**
         FAEGRE DRINKER BIDDLE & REATH LLP
         801 Grand Avenue, 33rd Floor
         Des Moines, Iowa 50309
         (515) 248-9000
         nick.klinefeldt@faegredrinker.com
         david.yoshimura@faegredrinker.com

         *Attorneys for Respondents Des Moines Register &*
         *Tribune Company and Gannett Co., Inc.*

/s/ *Robert Corn-Revere*

**Robert Corn-Revere**
**Conor T. Fitzpatrick**
FOUNDATION FOR INDIVIDUAL RIGHTS AND
EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@thefire.org
conor.fitzpatrick@thefire.org

**Greg H. Greubel**
**Adam Steinbaugh**
FOUNDATION FOR INDIVIDUAL RIGHTS AND
EXPRESSION (FIRE)
510 Walnut Street, Suite 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@thefire.org
adam@thefire.org

**Matthew A. McGuire**
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Respondents J. Ann Selzer and
Selzer & Company*

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-pt Garamond type style.

This document complies with the type-volume limitation of Fed. R. App. P. 40(d)(3) because it contains 3,890 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this filing has been scanned for computer viruses and has been found to be virus free.

Dated: October 30, 2025                    */s/ David Yoshimura*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all parties in the case are represented by registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 30, 2025                    */s/ Paulette Ohnemus*